# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU | ) ) ) | No. 3:22-mc-100 |
| Plaintiff, | ) |  |
| v. | ) ) |  |
| 1ST ALLIANCE LENDING, LLC, *et al.*, Defendants. | ) ) ) |  |
| KEVIN CUFF, *in his capacity as Deputy Commissioner of the Massachusetts Division of Banks*, Movant. | ) ) ) ) ) ) |  |

## <u>DEFENDANTS' NOTICE OF MOOTNESS</u>

Defendants hereby give notice as follows:

1.  This matter (No. 3:22-mc-100, the "ancillary docket") concerns a Motion to Quash Deposition Subpoena and for Protective Order (Dkt. 1), regarding a subpoena served by Defendants on Movant in support of the underlying case, *CFPB v. 1st Alliance, et al.*, No. 3:21-cv-00055 (D. Conn., filed Jan. 15, 2021) (the "underlying case").

2.  The Motion to Quash is docketed here, in the ancillary docket, because the Motion to Quash was originally filed in the U.S. District Court for the District of Massachusetts, and was subsequently transferred to this Court on motion of Defendants.

3.  Magistrate Judge Richardson granted the Motion to Quash on June 14, 2023 (Dkt. 30), and Defendants filed an objection to that ruling on June 28, 2023 (Dkt. 31).

1

4.  The underlying case was dismissed with prejudice on February 28, 2025, through a Joint Stipulation of Dismissal (underlying case Dkt. 266), which the Court so-ordered the same day (underlying case Dkt. 267).

5.  After the Court approved the Joint Stipulation of Dismissal in the underlying case, the Court issued an Order denying the remaining motions in the underlying case as moot, in light of the dismissal (underlying case Dkt. 268).

6.  At the time the underlying case was dismissed with prejudice, the only thing pending on this ancillary docket was Defendants' Objection to Magistrate Judge Richardson's June 13, 2023 Order Granting Non-Party Kevin Cuff's Motion to Quash (Dkt. 31).

7.  The dismissal with prejudice of the underlying case rendered that pending objection moot.

8.  The ancillary docket is not a free-standing suit or action, and does not, independently of the underlying case, state a basis for federal subject-matter jurisdiction.

9.  It appears that due to the coincidence of the Motion to Quash and related briefing appearing on the ancillary docket due to the transfer from the District of Massachusetts, rather than being part of the main docket in the underlying action (as would have been the case if the Motion to Quash had been filed in this District), this ancillary docket has not been administratively "closed" in the ECF system.

10. Accordingly, in an abundance of caution, Defendants hereby provide notice of the mootness of their Objection (Dkt. 31), the sole remaining matter on this ancillary docket.

Respectfully submitted,


_/s/ Ross Garber_ _____                    Dated:  May 7, 2025
Ross Garber
The Garber Group LLC
100 Pearl St., 14th Floor
Hartford, CT  06103
Tel: (860) 983-5145
Fax: (860) 983-5145
Email: rgarber@thegarbergroup.com


_Counsel for Defendants_

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2025, I caused the foregoing to be served on all parties and counsel of record via the Court's CM/ECF system.

/s/ *Ross Garber*